UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DALE EDWARD HARPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR, KING COUNTY JAIL, *et al.*,<br><br>　　　　Defendants. | CASE NO.  C07-812-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington. On May 29, 2007, plaintiff submitted to the Court for review a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis*. Plaintiff alleged in his complaint that King County Jail and Washington Department of Corrections ("DOC") officials had violated his right to adequate medical care. He further alleged that DOC officials had retaliated against him and had improperly removed monies from his inmate account.

On June 21, 2007, this Court issued an Order granting plaintiff's application to proceed *in forma pauperis* and directing the institution having custody of plaintiff to collect an initial partial filing fee and subsequent monthly payments until the entire filing fee was paid. In conjunction with that

REPORT AND RECOMMENDATION
PAGE - 1

1  Order, this Court issued an Order declining to serve plaintiff's civil rights complaint and granting him
2  leave to amend to correct certain specified deficiencies.

3  Plaintiff did not file an amended complaint. Instead, in early August 2007, plaintiff directed to
4  the Clerk of the Court a letter in which he indicates that he has been denied access to his legal files,
5  and asks that his complaint be withdrawn and that his debt for the $350 filing fee be cancelled. He
6  expressly states in his letter that he does not want the Court to merely grant him an extension of time
7  as he does not believe he will have sufficient access to his legal file or to the law library to prepare an
8  amended complaint. As plaintiff's complaint has not yet been served, plaintiff is permitted to dismiss
9  his complaint without leave of court. *See* Fed. R. Civ. Pro. 41(a)(1). However, plaintiff's request that
10 the debt for his filing fee be cancelled does require the attention of the Court.

11 Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner who brings a civil action "is required to pay the
12 full amount of a filing fee." The statute contains no exception to that requirement for cases which are
13 voluntarily dismissed. Even if the Court had the discretion to cancel the debt, the undersigned would
14 not be inclined to do so in this case.

15 A review of this Court's records reveals that on March 30, 2007, plaintiff filed another civil
16 rights complaint under § 1983 in which he presented similar claims. *See Harper v. Director, King*
17 *County Jail, et al.*, C07-477-RSL-JPD. On April 19, 2007, plaintiff advised the Court that he did not
18 wish to proceed with that action and that he would re-submit his complaint at a later date when his
19 custody was more stable. *See id.*, Dkt. No. 6. Plaintiff elected to re-submit his complaint just more
20 than a month later resulting in the instant action. Plaintiff now once again advises the Court that he is
21 not prepared to proceed with the action.[1]

---

[1] The Court also notes that plaintiff indicates in his complaints in both C07-477-RSL and in the instant action that he has previously filed lawsuits which he has subsequently withdrawn.

REPORT AND RECOMMENDATION
PAGE - 2

Each time plaintiff presents a complaint to the Court for filing, court resources are required to process and review his submissions. Plaintiff should be held accountable for his decision to make use of these resources. Accordingly, the undersigned recommends that the instant action be terminated pursuant to plaintiff's request that his complaint be withdrawn, and that plaintiff's request for cancellation of his filing fee debt be denied

DATED this 21st of September, 2007.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3